UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DESHAWN REGAN, )<br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>DYER *et al.*, )<br>    Defendants. ) | Case No. 25-1334 |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Deshawn Regan, an inmate at Lawrence Correctional Center. Plaintiff also has filed Motions for Status (Docs. 6, 7).

**I.    Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the Court accepts the factual allegations as accurate, construing them liberally in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Factual Allegations

Plaintiff alleges violations at Pontiac Correctional Center against the following officials: former Warden Mindi Nurse, Corrections Sergeant Dyer, and Corrections Officer John Doe.

On April 24, 2024, Plaintiff's cell became flooded with toilet water that contained fecal matter and urine. Shortly thereafter, Plaintiff claims that Defendant Dyer made "verbal threats" and told Plaintiff that he was "not getting a crisis team." (Pl. Compl., Doc. 1 at 6.) Defendant Doe arrived and observed Dyer uttering "verbal threats and outbursts." (*Id.*) Doe and Dyer refused Plaintiff's requests for cleaning supplies.

On April 27, 2024, Plaintiff submitted an emergency grievance that was not responded to until June 16, 2024, by Defendant Nurse, who did not deem Plaintiff's submission an emergency.

## III. Analysis

"The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). "As with a claim for deliberate indifference to serious medical needs, a conditions-of-confinement claim includes an objective and a subjective component." *Id.* "The plaintiff must first establish 'an objective showing that the conditions are sufficiently serious—i.e., that they deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health and safety.'" *Id.* at 1051 (quoting *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017)). "The plaintiff must next establish 'a subjective showing of a defendant's culpable state of mind.'" *Id.*

"[T]he state of mind necessary to establish liability is deliberate indifference to the inmate's health or safety." *Giles*, 914 F.3d at 1051.

Plaintiff's account is sufficient to state an Eighth Amendment conditions of confinement claim against Defendants Doe and Dyer. Plaintiff also states a deliberate indifference claim against Dyer for denying him the opportunity to be seen by a crisis team member. *See Pittman v. County of Madison*, 746 F.3d 766, 778 (7th Cir. 2014) ("When an inmate presents an officer with a request to see a crisis intervention person and the officer also is aware that the reason for the request well may be a serious psychological condition that is beyond the officer's capacity to assess definitively, the officer has an obligation to refer that individual to the person who, under existing prison procedures, is charged with making that definitive assessment."). Plaintiff further states a claim against Dyer for making verbal threats. *See Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015) ("Threats of grave violence can constitute cruel and unusual punishment under the Eighth Amendment.").

Plaintiff names Defendant Nurse for the sole purpose of identifying the Doe Defendants, which is not necessary. After Defendant Dyer has filed his responsive pleading and defense counsel has entered his appearance, the Court will enter a Scheduling Order that will outline the procedure for identifying Defendant Doe during the discovery phase. Thus, Nurse is dismissed as a party from Plaintiff's suit.

To the extent Plaintiff intended to raise a claim regarding the delayed response from Defendant Nurse to his emergency grievance, he fails to do so. "Only persons who cause or participate in [constitutional] violations are responsible." *George v. Smith*, 507

Page **3** of **6**

F.3d 605, 609 (7th Cir. 2007). "[T]he mishandling of [an inmate's] 'grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.'" *Owens v. Godinez*, 860 F.3d 434, 438 (7th Cir. 2017) (quoting *Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011)).

Plaintiff's Motions for Status (Docs. 6, 7) are moot with the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Status (Docs. 6, 7) are MOOT.**

2) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states the aforementioned Eighth Amendment claims against Defendants Doe and Dyer. Plaintiff's claim against Defendants proceeds in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

3) **The Clerk of the Court is DIRECTED to terminate Mindi Nurse as a party.**

4) **This case is now in the process of service. The Court recommends that Plaintiff wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

5) **The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendants have not filed their respective Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

6) **If a defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be kept only by the Clerk and shall**

     **not be kept in the public docket nor disclosed by the Clerk.**

7) **Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses proper under the Federal Rules. The Answer and later pleadings shall be to the issues and claims stated in this Order. An answer sets forth the Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.**

8) **This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Court. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will provide more detailed information about the discovery process.**

9) **Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.**

10) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

11) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

12) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

13) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED February 18, 2026.

                                                       s/ *Colleen R. Lawless*
                                      _____
                                                 COLLEEN R. LAWLESS
                                       UNITED STATES DISTRICT JUDGE